## UNITED STATES v. JOYNER et al.

District Court, W. D. Louisiana, Shreveport Division. October 31, 1927.

No. 4866.

Bankruptcy ☜494—In indictment for conspiracy to conceal assets, bankrupt need not be named as conspirator (Bankr. Act, § 29b, as amended by Act May 27, 1926, § 11 [11 USCA § 52]).

Under Bankruptcy Act, § 29b, as amended by Act May 27, 1926, § 11 (11 USCA § 52), offense of concealing assets may be committed by a person other than the bankrupt, and in an indictment for conspiracy to commit such offense it is not necessary that bankrupt be named as a conspirator, or to allege any official relation or authority of defendants to act for bankrupt.

Criminal prosecution by the United States against John T. Joyner and Clyde McCarthy. On motion to quash indictment. Overruled.

Philip H. Mecom and J. Fair Hardin, U. S. Attys., both of Shreveport, La.

Barnette & Roberts, of Shreveport, La., for defendants.

DAWKINS, District Judge. The defendants are charged with conspiring to violate section 29 of the National Bankruptcy Act of 1898, as amended by Act May 27, 1926, c. 406, § 11, 44 Statutes at Large (11 USCA § 52), by concealing from the trustee assets alleged to belong to the bankrupt estate of Martin Mercantile Company, Inc., a corporation. They have filed a motion to quash, upon the ground that the Bankruptcy Act has no application to any persons other than the bankrupt; that the indictment does not charge that they conspired with the bankrupt corporation to conceal its assets; that they were not parties to the bankruptcy proceedings, and the bill does not charge that the acts and things complained of were corruptly or unlawfully done, or that a trustee was appointed and they continued to conceal said assets from him after his appointment.

Before the amendment of 1926, paragraph (b) of section 29 of the Bankruptcy Law read as follows:

"b. A person shall be punished, by imprisonment for a period not to exceed two years, upon conviction of the offense of having knowingly and fraudulently (1) concealed *while a bankrupt,* or after his discharge, from his trustee any of the property belonging to *his estate* in bankruptcy; or (2) made a false oath or account in, or in relation to, any proceeding in bankruptcy; (3) presented under oath any false claim for proof against the estate of a bankrupt, or used any such claim in composition personally or by agent, proxy, or attorney, or as agent, proxy, or attorney; or (4) received any material amount of property from a bankrupt after the filing of the petition, with intent to defeat this act; or (5) extorted or attempted to extort any money or property from any person as a consideration for acting or forbearing to act in bankruptcy proceedings."

As amended, it reads as follows:

"b. A person shall be punished by imprisonment for a period of not to exceed five years upon conviction of the offense of having knowingly and fraudulently (1) concealed from the receiver, trustee, United States marshal, or other officer of the court charged with the control or custody of property, or from creditors in composition cases, any property belonging to the estate of a bankrupt; or (2) made a false oath or account in, or in relation to any proceeding in bankruptcy; or (3) presented under oath any false claim for proof against the estate of a bankrupt, or used any such claim in composition, personally, or by agent, proxy, or attorney, or as agent, proxy, or attorney; or (4) received any material amount of property from a bankrupt after the filing of the petition with intent to defeat this act; or (5) received or attempted to obtain any money or property, remuneration, compensation, reward, advantage, or promise thereof from any person, for acting or forbearing to act in bankruptcy proceedings; or (6) having been an officer or agent of any per-

son or corporation, and in contemplation of the bankruptcy of such person or corporation, or with intent to defeat the operation of this act, concealed or transferred any of the property of the debtor; or (7) after the filing of the petition, or, in contemplation of bankruptcy, concealed, destroyed, mutilated, or falsified any book, document, or record affecting or relating to the property or affairs of a bankrupt; or (8) after the filing of the petition, withheld from the receiver or trustee any book, document, or paper affecting or relating to the property or affairs of a bankrupt, to the possession of which he is entitled."

It will thus be seen that, as the law read in the Bankruptcy Act of 1898, the crime of concealment could only be committed by one who was a bankrupt "while a bankrupt" and of property belonging to "his estate." This language has been omitted from the act as amended, and carries, in my opinion, the necessary inference that Congress meant to punish any person who should commit the several acts therein charged, for it begins with the words "a person shall be punished by imprisonment," etc., for the commission of any one of eight different offenses, all of which, other than the first, clearly can be committed by a person other than the bankrupt. It must be conceded that Congress was familiar with the jurisprudence holding that concealment, under the language of the act before amendment, could only be committed by the bankrupt, and the crime of conspiracy to commit that act was only possible where the bankrupt was a party to the conspiracy. See Johnson v. United States (C. C. A.) 158 F. page 69, 14 Ann. Cas. 153, and authorities therein cited. There is nothing in the statute as it now stands to indicate that it intended to penalize alone the bankrupt for concealing his assets, but on the contrary (clause 6) declares that any "officer or agent of any person or corporation" may be so punished who "in contemplation of the bankruptcy * * * or with intent to defeat the operation of this act, concealed or transferred any of the property of the debtor."

The indictment in substance charges the two defendants with conspiring to conceal the assets of the Martin Mercantile Company, Inc., and that in furtherance thereof they committed some seven overt acts, to wit, that they prepared plans for the operation of a sale of the goods, wares, and merchandise of the said company, and that they sold certain cotton belonging to the bankrupt and converted the proceeds to their personal use, as well as that they collected certain sums of money due the bankrupt, which was likewise diverted to their own purposes. In my opinion, as the law now stands, it was not necessary that the bankrupt be charged as a party to the conspiracy, or that the bill allege any official relation or authority of the defendants to act for it.

For the reasons assigned, the motion to quash should be overruled.